IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| AMANDA K. RIPPLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13-00043-SSA-CV-W-MJW |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

Plaintiff Amanda K. Ripple seeks judicial review[1] of a final administrative decision denying plaintiff disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*. Section 205(g) of the Act, 42 U.S.C. § 405(g) provides for judicial review of a final decision of the Commissioner of the Social Security Administration under Title II. The parties' briefs are fully submitted, and an oral argument was held on February 10, 2014. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

## Standard of Review

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

## Discussion

Plaintiff was born in 1980 and was 27 years of age on the alleged disability onset of September 1, 2008. Plaintiff has a high school education and past relevant work history as a childcare provider.

Plaintiff appeals the decision of the Administrative Law Judge (ALJ) which determined that she was not disabled as defined by the Social Security Act. Plaintiff alleges that the ALJ failed to give proper weight to the opinions of her treating physicians and specifically, failed to give substantial and controlling weight to the opinion of treating physician, Dr. Sirridge. The Commissioner argues that the opinion of Dr. Sirridge was properly discounted because it was not supported by medical evidence in the record.

Upon review, this Court finds the ALJ's decision is not supported by substantial evidence in the record as a whole. The ALJ found that through the date last insured, plaintiff had the following medically determinable impairments: antiphospholipid antibody syndrome (APS), obesity, adrenal insufficiency and a history of deep vein thrombosis. The ALJ further found that the plaintiff did not have a severe impairment or combination of impairments that significantly limited her ability to perform basic work-related activities and that plaintiff was not under a disability during the relevant timeframe. In his decision, the ALJ discounted the opinion of treating physician, Dr. Sirridge, that plaintiff was disabled. The ALJ's reasons for giving Dr.

2

Sirridge's opinion little weight included that the opinion was inconsistent with medical evidence in the record and that his opinion amounts to a conclusion that is left to the Commissioner to decide.

The ALJ should have contacted plaintiff's treating physician, Dr. Sirridge, to establish what medical evidence forms the basis for his belief that plaintiff was disabled in September 2008. Dr. Sirridge, who specializes in hematology and has excellent medical credentials, opined that plaintiff was disabled, with problems that began in 2007. However, it is unclear from the record what Dr. Sirridge relied upon to form the basis of his opinion. Pursuant to Social Security Ruling (SSR) 96-5P:

> [b]ecause treating source evidence (including opinion evidence) is important, if the evidence does not support a treating source's opinion on any issue reserved to the Commissioner and the adjudicator cannot ascertain the basis of the opinion from the case record, the adjudicator must make 'every reasonable effort' to recontact the source for clarification of the reasons for the opinion.

Here, the ALJ erred in discounting the opinion of plaintiff's treating physician without seeking clarification.

## Conclusion

For the reasons set for above, this Court finds that the administrative record is not sufficiently developed to make a determination as to plaintiff's disability. Battles v. Shalala, 36 F.3d 43, 45 (8th Cir. 1994) (determination of when the Commissioner has failed to develop the record is made on a case-by-case basis). This case is therefore remanded for further development of the evidence by the Commissioner. The Commissioner is ordered to contact Dr. Sirridge to obtain his medical reasons for opining that the plaintiff was disabled in September 2008. After clarifying the medical evidence, the ALJ should once again determine whether plaintiff is disabled as defined by the Social Security Act. Accordingly,

IT IS, THEREFORE, ORDERED that the decision of the Commissioner is reversed and this case remanded for further consideration and development of the record as set forth herein.

Dated this 13th day of February, 2014, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge